**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LARRY S. WHETSTONE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 23-421 |
| | ) | Judge Nora Barry Fischer |
| FRALEY & SCHILLING TRUCKING, CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Larry S. Whetstone has been granted in forma pauperis status to bring this employment discrimination action against his former employer Fraley & Schilling Trucking Co. After careful consideration of the Complaint and screening the allegations pursuant to 28 U.S.C. § 1915(e), and for the following reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.

In so holding, the Court notes that 28 U.S.C. § 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Gochin v. Markowitz*, 791 F. App'x 342, 345 (3d Cir. 2019) (district court has power to screen complaints of all parties proceeding in forma pauperis). In addition, "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions

1

wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6).  *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).  That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

Plaintiff utilizes the Non-Prisoner Form Complaint for Violation of Civil Rights to set forth his claims against Fraley & Schilling Trucking.  Although he has not filled out the portion of the form "Basis for Jurisdiction," liberally construed, his allegations set forth a claim under the Age Discrimination in Employment Act ("ADEA"), over which this Court has federal question jurisdiction, 28 U.S.C. § 1331.  (*Id.*).  The "Statement of Claim" section consists of the following allegations:

> I was station (sic) out of the company's Brillant, Ohio terminal at the time the offense occurred.
>
> …
>
> On November 21, 2018, I received a termination letter, effective November 1, 2018.
>
> …
>
> This claim is being filed based upon the continuation doctrine concerning civil rights violations.  The case number that already has been filed is 2-20-cv-01842.  This case involves the main fact of the defense which is an invalid wavier (sic) release agreement that violates my age.  The Third Circuit Court wouldn't validate the wavier (sic) release agreement.  Therefore, I am submitting continuation claim of age discrimination as another result of my wrongful termination.

(Id. at 4).  In the section titled "Injuries," Plaintiff states that "[t]he work related injury that I sustained was acute stress disorder that has escalated into PTSD because of the hideous actions of the company by not engaging in the interactive process.  The company's actions left me untreated." (*Id.* at 5).  Plaintiff further asserts that "[t]he relief requested is past and future wages totaling $850,000.00 plus I would like to ask this Court to allow me to obtain financial advise (sic) for punitive and emotional damages." (*Id.*).  All told, Plaintiff's brings an ADEA claim against Fraley & Schilling Trucking alleging that his November 21, 2018 termination was a result of age discrimination.  (Docket No. 1).   He also contends that his prior lawsuit filed against the company at Civ. A. No. 20-1842 does not preclude the claim.  (*Id.*).

In this Court's estimation, Plaintiff's Complaint must be dismissed because he has not alleged that he exhausted his administrative remedies as to any ADEA claim nor received a right to sue letter from the EEOC and is attempting to challenge his termination which took place more than 4 years ago.  (Docket No. 1).  As the Court of Appeals has explained:

> "[a] plaintiff 'must exhaust all required administrative remedies before bringing a claim for judicial relief.'" *Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 163 (3d Cir. 2013) (quoting *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997)). Filing a Charge of Discrimination with the EEOC and procuring a Notice

of the Right to Sue satisfy this exhaustion requirement for the purposes of Title VII, *id.*, and the ADEA, *Ruehl v. Viacom, Inc.*, 500 F.3d 375, 382 (3d Cir. 2007). Dual-filing an EEOC Charge of Discrimination meets the PHRA's prerequisites. *Mandel*, 706 F.3d at 163.

A plaintiff may not challenge discrete acts that occurred more than 300 days before the plaintiff exhausted administrative remedies. 42 U.S.C. § 2000e–5(e)(1). "Discrete acts" include "termination, failure to promote, denial of transfer, or refusal to hire ...." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002).

*Remp v. Alcon Lab'ys, Inc.*, 701 F. App'x 103, 106 (3d Cir. 2017). "If a claimant fails to exhaust his or her claim within the requisite time period, that claim is administratively barred." *Noel v. The Boeing Co.*, 622 F.3d 266, 270 (3d Cir. 2010), *as amended* (Oct. 18, 2010). While the 300-day limitations period is generally subject to equitable tolling, the U.S. Court of Appeals for the Third Circuit has held that the fact that a release is later deemed invalid by a court is not sufficient to demonstrate equitable tolling. *See Ruehl v. Viacom, Inc.*, 500 F.3d 375, 384 (3d Cir. 2007). Given same, Plaintiff had 300 days from November 21, 2018 (or by September 17, 2019) to exhaust his administrative remedies with the EEOC as to his ADEA claim but has not alleged that he did so such that his Complaint must be dismissed.

In *pro se* civil rights actions, a plaintiff is generally granted leave to amend "unless amendment would be inequitable or futile." *Grayson v. Mayview State Hospital*, 292 F.3d 103, 108 (3d Cir. 2002). The Court of Appeals has also held that leave to amend may be denied as futile when a review of a prior EEOC charge indicates that the present claim for age discrimination was not exhausted. *See Edwards v. Bay State Mill. Co.*, 519 F. App'x 746, 749 (3d Cir. 2013) (affirming denial of leave to amend where the Plaintiff's "charge, filed within 300 days of his termination, only alleged discrimination based upon his race, and he has not presented any evidence that he ever filed an age discrimination charge with the EEOC within

300 days of a challenged employment act.").  Here, the Court finds that leave to amend would be futile because Plaintiff prosecuted a prior lawsuit under the ADA and Title VII against Fraley & Schilling at Civ. A. No. 20-1842, but he did not set forth an ADEA claim in his EEOC charge nor that lawsuit.  *See generally*, Civ. A. No. 20-1842, Docket No. 38-4.  To that end, as the Court of Appeals recounted in affirming the decision granting summary judgment for his prior employer:

> Whetstone filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission. The EEOC issued a right-to-sue notice in August 2020, and Whetstone subsequently filed this action in the District Court, raising claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. Whetstone alleged that he was wrongfully terminated because of the injuries he sustained in his accident, that Fraley & Schilling discriminated against him by failing to offer temporary or light-duty roles that had been offered to injured white drivers, and that Fraley & Schilling retaliated against him by terminating him while his workers' compensation claim remained open.

*Whetstone v. Fraley & Schilling Trucking Co.*, No. 22-1018, 2022 WL 4533847, at *1 (3d Cir. Sept. 28, 2022).   Therefore, the Court cannot "see how any amendment to his complaint would save his [ADEA] claim," *Edwards*, 519 F. App'x at n.4, and leave to amend will be denied, as futile.

       For all of these reasons, Plaintiff's Complaint is DISMISSED, with prejudice.   An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: March 31, 2023
cc:    Larry S. Whetstone
       3304 Vernon Ave
       Pittsburgh, PA 15227
       (via certified and first class mail)